IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AAR SUPPLY CHAIN INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-2973-L** |
| | § | |
| **N & P ENTERPRISES, LLC d/b/a** | § | |
| **JetstandsNow.com,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Final Default Judgment (Doc. 11), filed March 1, 2017; and Defendant's Motion to Set Aside Clerk's Entry of Default (Doc. 14), filed May 8, 2017. After careful consideration of the motions, briefs, evidence, record, and applicable law, the court **grants** Defendant's Motion to Set Aside Clerk's Entry of Default (Doc. 14); and **denies as moot** Plaintiff's Motion for Final Default Judgment and Memorandum in Support (Doc. 11); and **sets aside** the clerk's entry of default against Defendant (Doc. 10).

**I.  Background**

On October 24, 2016, Plaintiff AAR Supply Chain, Inc. ("Plaintiff") brought this action against Defendant N & P Enterprises, LLC d/b/a JetStandsNow.com ("Defendant") for delivery of allegedly nonconforming and defective jet engine stands, asserting causes of action for breach of contract, breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness for a particular purpose, and seeking damages.

**Memorandum Opinion and Order – Page 1**

The docket indicates that service of process was effected on Defendant on November 4, 2016. After service, Defendant did not answer or otherwise respond timely to Plaintiff's Complaint and did not seek an extension of time to do so. On March 1, 2017, Plaintiff moved for entry of default by the clerk and default judgment. Default was entered by the clerk against Defendant on the same date (Doc. 10).

On April 27, 2017, Defendant filed its Answer (Doc. 12). On May 8, 2017, Defendant moved pursuant to Federal Rule of Civil Procedure 55(c) to set aside the clerk's entry of default. Defendant asserts that its failure to act was not willful; that it can present a meritorious defense to Plaintiff's claims; and that setting aside the entry of default will not prejudice Plaintiff. Plaintiff opposes Defendant's motion, contending it will be prejudiced because it has incurred attorney's fees and costs as a result of Defendant's conduct. Alternatively, Plaintiff requests an award of attorney's fees and costs in Defendant's motion is granted.

## II. Defendant's Motion to Set Aside Clerk's Entry of Default

### A. Legal Standard

A court may set aside an entry of a default for good cause shown. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (citing Fed. R. Civ. P. 55(c)). In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is present." *Id.* at 292 (citation and quotation marks omitted). A court also considers whether the defaulting party "acted expeditiously" to cure the default. *Id.* (citation omitted). If the court determines that a default is willful—that is, intentional failure to answer or otherwise respond—such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]." *Matter of*

*Dierschke*, 975 F.2d 181, 184-85 (5th Cir.1992). Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy*, 227 F.3d at 292 (quoting *Mason & Hanger–Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984)). The Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations [and] are available only when the adversary process has been halted because of an essentially unresponsive party.") (internal quotations and citations omitted).

B. **Discussion**

The docket indicates that Defendant was personally served with a summons and copy of Plaintiff's Complaint on November 4, 2016. Defendant asserts that, pursuant to the distributorship agreement between Defendant and its supplier/manufacturer, MTSGSE, Inc. ("MTSGSE"), MTSGSE agreed to indemnify and hold it harmless in any proceedings related to the quality of the goods at issue in this lawsuit. Aff. of Navyug Gupta ¶ 3 (Doc. 14-2). Defendant further asserts, in a prior lawsuit between it and Plaintiff in Illinois, MTSGSE managed the litigation on Defendant's behalf pursuant to the distributorship agreement. Defendant, therefore, asserts that its failure to answer or otherwise respond in this action was not willful but instead the result of a mistaken belief that MTSGSE was managing the litigation in this case and preparing Defendant's answer. *Id.* ¶ 5. Defendant states that, shortly after being made aware of its mistake as a result of the default

proceedings initiated by Plaintiff, it sought other legal representation and filed its Answer on April 27, 2017. *Id.*

Defendant's motion and evidence demonstrate that its failure to file an answer or otherwise respond timely was the result of the reasonable but mistaken belief that MTSGSE would be managing the litigation in this case and preparing Defendant's answer as it had done in the Illinois litigation. Notwithstanding the mistake, Defendant acted expeditiously to cure the default. Accordingly, the court determines that, under these circumstances, Defendant's failure to respond was not willful. Moreover, Defendant alleges in its Answer and motion that the jet engine stands in question were conforming. Alternatively, Defendant alleges that it attempted to cure any perceived nonconformities. Without ruling on the merits of the parties' claims and defenses, the court determines that Defendant has presented a meritorious defense to Plaintiff's claims. Finally, Defendant contends, and the court agrees, that Plaintiff will not suffer legal prejudice if the clerk's entry of default is set aside. Although Plaintiff contends that it will or has incurred attorney's fees and costs, such harm is insufficient to establish legal prejudice that would warrant denying the motion to set aside the clerk's entry of default.

Accordingly, Defendant has met its burden of establishing good cause to set aside the clerk's entry of default against it. Moreover, the drastic remedy of default judgment is not warranted in light of Defendant's mere failure to comply with a procedural time requirement. The court, therefore, **grants** Defendants' Motion to Set Aside Clerk's Entry of Default (Doc. 14). The court's ruling as to Defendant's motion moots Plaintiff's request for entry of default judgment. Thus, the court **denies as moot** Plaintiff's Motion for Final Default Judgment (Doc. 11).

### III. Plaintiff's Request for Attorney's Fees

Plaintiff, in the alternative, seeks an award of attorney's fees for securing the clerk's entry of default, preparing and filing its Motion for Final Default Judgment, and responding to Defendant's Motion to Set Aside Clerk's Entry of Default. Defendant's conduct and delays necessarily caused Plaintiff to incur attorney's fees in obtaining entry of default, responding to Defendant's Motion to Set Aside Clerk's Entry of Default, and preparing a motion for default judgment. The court, therefore, determines that Plaintiff is entitled to recover its *reasonable* attorney's fees for these discrete tasks. *The court strongly urges the parties to resolve the issue of attorney's fees without court intervention, as it should not turn into a major litigation.* In the unlikely event that the parties are unable to resolve the issue of attorney's fees, Plaintiff may file an application to recover reasonable attorney's fees incurred in securing the entry of default, preparing and filing Plaintiff's Motion for Final Default Judgment, and preparing and filing its response to Defendant's motion. Any such application must be filed by **December 15, 2017**, together with supporting documentation.

### IV. Conclusion

For the reasons stated, good cause exists to set aside the Clerk's Entry of Default entered against Defendant. The court, therefore, **grants** Defendant's Motion to Set Aside Clerk's Entry of Default (Doc. 14); **denies as moot** Plaintiff's Motion for Final Default Judgment (Doc. 11); and **sets aside** the clerk's entry of default against Defendant (Doc. 10).

**It is so ordered** this 22nd day of November, 2017.

Sam A. Lindsay
United States District Judge